JS 44  (Rev. 09/11)

Case 2:11-cv-06492 **CIVIL COVER SHEET** Filed 10/18/11 Page 1 of 12

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Juanita Lewis 4821 Hawthorne Street, Philadelphia PA 19124

**DEFENDANTS**
David Heckler, Bucks County District Attorney, 55 East Court Street, Doylestown, PA 18901

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeremy H.G. Ibrahim P.O. Box 1025 Chadds Ford PA 19317 215-568-1943

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|                                | PTF | DEF |                                                      | PTF | DEF |
|--------------------------------|-----|-----|------------------------------------------------------|-----|-----|
| Citizen of This State          | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State       | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                            | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district *(specify)*
- ☐ 6  Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983
Brief description of cause:
Civil Rights violations, Equal Protection & Due Process claims, and state law claims.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 300,000
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE   Hon. John R. Padova
DOCKET NUMBER  10-4966

DATE
10/15/2011
SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

OCT 18 2011

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 4621 Hawthorne Street Philadelphia PA 19124

Address of Defendant: 55 East Court Street Doylestown PA 18901

11   6492

Place of Accident, Incident or Transaction: 55 East Court Street Doylestown PA 18901
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: 10-cv-4966    Judge: Hon. John R. Padova  Date Terminated: March 9th 2011

Civil cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☒  No☐

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐  No☒

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐  No☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Jeremy H.G. Ibrahim counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: October 15th 2011 _____    _____    53019
Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

OCT 18 2011

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: October 15th 2011 _____    _____    53019
Attorney-at-Law    Attorney I.D.#

CIV. 609 (6/08)

**JP**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

JUANITA LEWIS

                                    :      CIVIL ACTION
                                    :
                                    :
                                    :      NO.   1 1    6 4 9 2
                        v.          :
                                    :
DAVID HECKLER,                      :
DISTRICT ATTORNEY                   :
BUCKS COUNTY                        :
                                    :
                                    :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

---

| | | |
|---|---|---|
| **October 15th 2011** | **Jeremy H.G. Ibrahim** | **Plaintiff** |
| **Date** | **Attorney-at-law** | **Attorney for** OCT 1 8 2011 |
| 215-568-1943 | 610-456-2727 | jeremyibrahim.esq@verizon.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



**JP**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUANITA LEWIS** | : | **JURY TRIAL DEMANDED** |
| **4821 HAWTHORNE STREET** | : | |
| **PHILADELPHIA, PA 19124** | : | |
| | : | **CIVIL ACTION NO.** |
| **Plaintiff** | : | |
| **vs.** | : | 11   649 |
| | : | |
| **DAVID HECKLER** | : | |
| **BUCKS COUNTY** | : | |
| **DISTRICT ATTORNEY** | : | |
| **55 EAST COURT STREET** | : | |
| **DOYLESTOWN, PA 18901** | : | |
| | : | |
| **Defendant** | : | |

## <u>COMPLAINT</u>

AND NOW, Comes plaintiff, by and through her attorney, and demands damages from the

defendant and in support thereof sets forth the following allegations and claims:

### I. INTRODUCTION - THE PARTIES

1. Plaintiff Juanita Lewis is an adult individual, citizen and resident of the

Commonwealth of Pennsylvania, residing at 4831 Hawthorne Street, Philadelphia, PA 19124.

2. Defendant, David Heckler, is the elected District Attorney of Bucks County located

in the Commonwealth of Pennsylvania, and operates, manages, directs and controls the Bucks

County District Attorney's Office. This defendant was acting under color of state law, pursuant to

either official policy, custom or practice. This defendant is being sued in both his individual and

-1-

official capacity. This defendant was acting in concert and conspiracy with other unknown defendants at the Bucks County District Attorney's Office..

## II. JURISDICTION AND VENUE

3. This is a civil action seeking damages against the defendants for committing acts that deprived the Plaintiff of rights secured under the Constitution and the laws of the United States of America pursuant to Title 42 U.S.C. §. 1983 and state law tort claims.

4. This Court's jurisdiction to adjudicate plaintiff's civil rights claims is predicated, *inter alia*, upon 28 U.S.C. sec. 1331 and 1343. Plaintiff's federal claims arise pursuant to 42 U.S.C.§ 1983 and 1988. Plaintiffs also invoke the Court's supplemental jurisdiction pursuant to 28 U.S.C. sec. 1367.

5. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because all parties reside or maintain their principal place of business in the District, and because all claims accrued within the District.

## III. FACTUAL ALLEGATIONS

6. Plaintiff incorporates herein by reference the averments set forth in preceding paragraphs one (1) through five (5).

7. On or about September 23rd 2008, plaintiff learned that her son and daughter-in-law were arrested and charged by the Bensalem Police Department. Plaintiff was advised that bail had been set at $75,000.00 - 10% ($7500.00) for her son and $25,000.00 - 10% ($2500.00) for her daughter-in-law.

8. Plaintiff secured a total of $10,000.00 from friends and family to pay the ten percent bail of her son and daughter-in-law. Plaintiff proceeded to Pennsylvania Magisterial District Court

07-01-01, presided over by defendant District Justice Leonard J. Brown. Upon attempting to pay bail at the clerks counter, defendant Brown approached the plaintiff. Defendant Brown was not robed nor was plaintiff in court. Plaintiff was advised by defendant Brown that dogs would sniff the cash and if the dogs alerted that the plaintiff would be arrested. Defendant Brown proceeded to inquire of the plaintiff as to the source of the cash. Plaintiff then left the District Court with the cash.

9. Plaintiff proceeded to a bank and changed the cash from small bills to larger bills. Unbeknownst to the plaintiff, defendant Brown had alerted the defendant Bensalem Township and the defendant police officers of the plaintiff's attempt to post bail. Also unbeknownst to the plaintiff, defendants surreptitiously followed and conducted surveillance of the plaintiff. Upon leaving the bank, plaintiff returned to her car and drove away. Defendant Bensalem Township directed that the plaintiff be stopped and the cash seized from her person. Plaintiff was stopped on the highway by defendant Bensalem Township police. Defendant Bensalem Township seized plaintiff's purse and $10,000.00 cash therein. Plaintiff returned to the Bensalem Police Department to obtain her property. Plaintiff learned that her purse was searched without her consent and the $10,000.00 was seized for investigation and as evidence. Plaintiff was not then nor ever charged nor arrested. The $10,000.00 was placed on a property receipt and never returned to the plaintiff.

10. Plaintiff filed a civil rights action (EDPA Civil Action No. 10-cv-4966) against the Bensalem Township Police Department and others seeking return of her ten thousand dollars and other relief. In the course of that case, plaintiff was for the first time informed on February 4th 2011 that the funds were turned over to the defendant via check# 1390 on October 9th 2008, and remains in the coffers of the defendant's forfeiture account account to this date.

11. The defendant was required by Pennsylvania state law to institute proceedings for the issuance of process for the seizure of the plaintiff's property inasmuch as it was a seizure

without process. Defendant harbors the belief that a forfeiture petition (Bucks County Court of Common Pleas MD-2514-2008) filed in December of 2008 accounts for the required process. A review of the petition, however, clearly shows that the Forfeiture Petition related to seizures occurring on September 22nd 2008 and do not list the $10,000.00 seized from the plaintiff on September 23rd 2008. The action for forfeiture was subject to a two year statute of limitations. This time period has lapsed.

12. Plaintiff provided fair warning to the defendant that plaintiff's property was being held in violation of her constitutional rights, to wit, plaintiff notified defendant on August 16th 2011 via letter, and again on August 25th 2011 via email with a copy of the initial letter attached. Prior tot he filing of the instant action, plaintiff through counsel informed the defendant via telephone on at least five (5) occasions that the plaintiff's property was being held unlawfully.

13. Plaintiff was not a criminal suspect when her property was seized and was never charged with wrongdoing.

14. The defendant alone has custody of the plaintiff's property, such retention is unreasonable, and constitutes an ongoing seizure and violation of plaintiff's constitutional rights.

15. Defendant is the only authority that can release and return plaintiff's property.

16. As a direct and proximate result of the defendants actions, plaintiff suffers serious and permanent trauma including distrust of law enforcement and the judicial process.

17. At all times material hereto, the defendant, Bensalem Township, was charged with the responsibility and duty of testing, hiring, training and supervising employees of the Bensalem Police Department, including the defendants, and all police officers who were present during the incident complained of herein.

18. As a direct and proximate result of the actions and/or failure to act the defendant, plaintiff suffers and continues to suffer pain, financial loss, and emotional distress, some or all of which may be permanent.

19. At all times relevant to this Complaint, the defendant was acting in defendant's official capacity and acting within the course and scope of defendant's authority, and under color of state law.

20. At all times relevant to this Complaint, the actions taken by the defendant deprived the plaintiff of constitutional and statutory rights.

### IV. CLAIMS

### COUNT I

### UNREASONABLE SEARCH & SEIZURE
### 42 U.S.C. § 1983

21. Plaintiff incorporates herein by reference, as if specifically pleaded, the allegations set forth in paragraphs 1 through 20 above.

22. As a direct and proximate result of defendant's conduct, committed under color of state law, plaintiff was deprived of her right to be free from unlawful detention, arrest and prosecution, unreasonable search, to be secure in her person and property, and to due process of law. As a result, plaintiff suffers and continues to suffer harm, in violation of plaintiff's rights under the laws and Constitution of the United States of America, in particular the Fourth and Fourteenth Amendments thereto, and Title 42 U.S.C. §1983.

23. As a direct and proximate result of the acts the defendant, plaintiff sustained pain, permanent injury, emotional distress, and financial losses, all to plaintiff's detriment.

**WHEREFORE**, plaintiff demands judgement against the defendant for compensatory damages in an amount in excess of $100,000.00, for punitive damages in an amount in excess of $100,000.00, plus interest, costs, attorney's fees and such other relief as this Honorable Court may deem just.

## COUNT II

## FAILURE TO TRAIN AND SUPERVISE
## 42 U.S.C. §1983

24. Plaintiff incorporates herein by reference, as if specifically pleaded, the allegations set forth in paragraphs 1 through 23 above.

25. The defendant has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs, as well as the need for adequate training, supervision and/or discipline in the areas of:

A. The proper and lawful procedure procure issuance of process when property is seized without process.

B. The proper and lawful procedure regarding the seizure and search of property taken from a citizen.

C. The proper and lawful disposition of property seized from an uncharged citizen.

26. As a direct and proximate result of the above averments, plaintiff has been deprived of her rights secured by the United States Constitution pursuant to 42 U.S.C. §. 1983.

**WHEREFORE**, plaintiff demands judgement against the defendant for compensatory damages in an amount in excess of $100,000.00, for punitive damages in an amount in excess of $100,000.00, plus interest, costs, attorneys fees and such other relief as this Honorable Court may deem just.

## COUNT III

## **PENDENT STATE CLAIMS**

32. Plaintiff incorporates herein by reference, as if specifically pleaded, the allegations set forth in paragraphs 1 through 31 above.

33. The acts, omissions, and conduct of the defendant in this cause of action constitute but not limited to:  intentional infliction of emotional distress, conversion , invasion of privacy and due process violations of the Constitution of the Commonwealth of Pennsylvania and state law. This Court has supplemental jurisdiction to hear and adjudicate these claims.

**WHEREFORE**, plaintiff demands judgement against the defendant  for compensatory damages in an amount in excess of $100,000.00, for punitive damages in an amount in excess of $100,000.00, plus interest, costs, attorneys fees and such other relief as this Honorable Court may deem just.

## ALL COUNTS

34.     Plaintiff incorporates herein by reference, as if specifically pleaded, the allegations set forth in paragraphs 1 through 33 above.

**WHEREFORE**, plaintiffs respectfully requests that this Honorable Court enter judgment in favor of the plaintiffs and against all defendants  and to award plaintiffs the following relief:

(a)     Compensatory damages against all defendants;

(b)     Punitive damages against all defendants;

(c)   Plaintiff's attorney's fees, expert witness fees and all other costs of suit; and

(d)   Such other relief as the Court deems appropriate.

(e)   A jury trial as to each defendant and as to each count.

Respectfully submitted,
Jeremy H.G. Ibrahim, Esquire

BY: _____
Jeremy H.G. Ibrahim
Attorney for Plaintiff
Date: October 15ᵗʰ 2011                    P.O. Box 1025
Chadds Ford, Pennsylvania 19317
(215) 568-1943