IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUNIATA LEWIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DAVID HECKLER | : | NO. 11-6492 |

**MEMORANDUM**

**Padova, J.**                                                                                                            **May 10, 2012**

In this civil rights action, Plaintiff Juanita Lewis has sued Defendant David Heckler, the Bucks County District Attorney.  Presently before the Court is Defendant's Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and Plaintiff's Motion for Leave to Amend the Complaint.  For the following reasons, we grant Defendant's Motion to Dismiss and deny Plaintiff's Motion for Leave to Amend.

**I.      STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).  We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002)).  Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).  In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

"'Rule 15(a) declares that leave to amend shall be freely given when justice so requires.'" Bivings v. Wakefield, 316 F.App'x 177, 180 (3d Cir. 2009) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (citing Foman, 371 U.S. at 182).  "Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." Id. (citing Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993)).  However, prejudice to the nonmovant is the "'touchstone for the denial of an amendment.'" Id. (quoting Lorenz, 1 F.3d at 1414).  The decision to grant or deny an opportunity to amend is ultimately within the discretion of the Court.  Bivings, 316 F.App'x at 180 (quoting Foman, 371 U.S. at 182).  In the context of a motion to amend a complaint, "'[f]utility means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'" Travelers Indem. Co. v. Dammann & Co., 594 F.3d

238, 243 (3d Cir. 2010) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)).

## II. FACTS

Plaintiff's Complaint alleges that on or about September 23, 2008, her son and daughter-in-law were arrested by the Bensalem Police Department. (Compl. ¶ 7.) Plaintiff secured a total of $10,000 in cash from friends and family to post ten percent of the their total bond and proceeded to Magisterial Court in Bensalem. When Plaintiff attempted to post the bond, Magistrate District Justice Leonard J. Brown ("MDJ Brown"), who was not robed or in his courtroom, approached Plaintiff and advised her the cash would be subjected to a dog sniff and, if the dog alerted, Plaintiff would be arrested. MDJ Brown allegedly asked Lewis about the source of her cash. (Compl. ¶ 8.)

Plaintiff left the police station with her cash and proceeded to a bank to exchange her small bills for large bills. MDJ Brown allegedly alerted Bensalem Police, who followed Plaintiff to the bank. After leaving the bank, police stopped her vehicle and seized the cash and her purse. Plaintiff returned to the police station to retrieve her property, learned that her purse had been searched without her consent, and that the $10,000 was seized for investigation and as evidence. Plaintiff was never charged or arrested. She received a property receipt for the cash, but the cash was never returned to her. (Compl. ¶ 9.)

Plaintiff filed an earlier civil action, Lewis v. Bensalem Township Police Department, Civ. A. No. 10-4966 (E.D. Pa.), seeking damages from the Township of Bensalem, the Bensalem Police Department and the individual officers involved in the seizure. Plaintiff alleges that on February 4, 2011, during the course of that lawsuit, she learned that her funds had been turned over to Defendant Heckler on October 9, 2008, and remained in the Defendant's forfeiture account. (Compl. ¶ 10.)

Plaintiff alleges that Defendant has not filed a forfeiture action and that the two-year statute of limitations for such an action, see 42 Pa. Cons. Stat. § 5524(5), has now lapsed. (Compl. ¶ 11.) Plaintiff sent a letter on August 16, 2011, and sent an email on August 25, 2011, demanding Defendant return her property. (Compl. ¶ 12.)

The Complaint asserts causes of action pursuant to 42 U.S.C. § 1983 based upon a due process/unreasonable search and seizure theory (Count I), and a failure to train and supervise theory (Count II), and also asserts pendent state law claims for intentional infliction of emotional distress, conversion, invasion of privacy and violation of the United States and Pennsylvania Constitutions' due process guarantees (Count III). In his Motion to Dismiss, Defendant argues that because (1) the Complaint is barred by the statute of limitations; (2) the Complaint is barred by the terms of a March 4, 2011 Release and Settlement Agreement that Plaintiff executed in the Bensalem action; (3) he is entitled to qualified immunity; and (4) Plaintiff has failed to plead sufficient facts to support the claims asserted, Plaintiff has failed to state claims upon which relief may be granted. In addition to responding to the Motion to Dismiss, Plaintiff has filed a Motion to Amend the Complaint. The proposed amendment would add two additional defendants, Assistant District Attorney Daniel B. Sweeney and the Buck County District Attorney's Office.

### III.   DISCUSSION

#### A.   Due Process/Unreasonable Seizure

Defendant argues that Count I, Plaintiff's claim based upon a due process/unreasonable seizure theory, fail to the extent it asserts an unreasonable seizure claim because there is no allegation in the Complaint that he unlawfully detained, arrested, prosecuted or searched the Plaintiff, or seized her property. He also contends that the claim fails to the extent that it asserts a

due process violation because the mere transfer of money into a forfeiture account cannot constitute a due process violation where, as here, Plaintiff had a postdeprivation remedy. In her Response to Defendant's Motion, Plaintiff does not respond to either of these arguments.

Although Plaintiff styles Count I as both an unreasonable search and seizure claim and a due process claim, she does not allege any facts that suggest that Defendant engaged in an unreasonable search or seizure. Defendant is correct that there are no factual allegations in the Complaint that he personally detained, arrested, prosecuted or searched the Plaintiff, or seized her property. To the contrary, the Complaint alleges that Bensalem Police conducted the traffic stop and seized Plaintiff's money. Thus, we conclude, despite Plaintiff's threadbare assertion that, as a result of Defendant's conduct, she was "deprived of her right to be free from unlawful detention, arrest and prosecution, unreasonable search, to be secure in her person and property" (Compl. ¶ 22), there are no actual facts pled that would make this claim plausible on its face.

In contrast, there are factual allegations against Defendant that suggest a § 1983 due process claim. Specifically, Plaintiff alleges that Defendant improperly retained Plaintiff's property in his forfeiture account without due process because he failed to either timely file a forfeiture action or return her property. However, the analysis of a procedural claim stemming from the deprivation of a property interest focuses on the existence of a postdeprivation remedy. An unauthorized, intentional deprivation of property by government employees does not violate the Due Process Clause so long as there is a "meaningful postdeprivation remedy" available to the plaintiff. Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 421 (3d Cir. 2000) ("[W]here it is impractical to provide meaningful pre-deprivation process, due process will be satisfied by a meaningful post-deprivation remedy.").

In Pennsylvania, there are postdeprivation remedies pertaining to seizures of property that have been deemed meaningful for purpose of alleged violations of the Fourteenth Amendment. See, e.g., Guarrasi v. County of Bucks, No. 10-1879, 2011 WL 1226118, at *9 (E.D. Pa. March 29, 2011) ("Courts have consistently held that Pennsylvania Rule of Criminal Procedure 588 provides an adequate post-deprivation remedy" to cure an improper seizure of property.[1] (citations omitted)); see also Perano v. Twp. of Tilden, 423 F.App'x 234, 237 (3d Cir. 2011) (holding that "post-deprivation hearings and common law tort remedies can be constitutionally adequate 'where the potential length or severity of the deprivation does not indicate a likelihood of serious loss and where the procedures . . . are sufficiently reliable to minimize the risk of erroneous determination.'" (quoting Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978))). As Plaintiff has not alleged that these established postdeprivation procedures were not available to her, we conclude that Count I fails to state a procedural due process claim upon which relief may be granted.

B.      Failure to Train

In Count II of the Complaint, Plaintiff alleges that Defendant encouraged, tolerated, ratified and has been deliberately indifferent to patterns, practices, and customs for adequate training, supervision and/or discipline in the areas of (1) the proper procedure for issuing process when

---

[1] Pa. R. Crim. P. 588 provides in pertinent part:
> A)  A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for return of the property on the ground that he or she is entitled to lawful possession thereof. Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.
> (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property be forfeited.

property is seized without process, (2) when property is seized from a citizen, and (3) when property is seized from an uncharged citizen. (Compl. ¶ 25.) Defendant argues that this claim is subject to dismissal because Plaintiff does not identify any pattern, practice, or custom to which Defendant has allegedly been deliberately indifferent, and the Complaint sheds no light on whom Defendant allegedly failed to train and supervise.

In response to this argument, Plaintiff has proffered an amended complaint, seeking to add as a defendant A.D.A. Sweeney, and alleging that Defendant Heckler "bore the responsibility and duty of testing, hiring, training and supervising employees of the Bucks County District Attorney's Office." (Proposed Am. Compl. ¶ 18.) The proposed amended complaint contains no new allegations regarding any pattern, practice, or custom.

We find that the allegations of Plaintiff's original Complaint, as well as her assertion in Count II of her proposed amended complaint, that Defendant "encouraged, tolerated, ratified, and has been deliberately indifferent to" a pattern, practice, and custom of failing to train and supervise, is just the type of "[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements," of which the Supreme Court disapproved in Iqbal. See 556 U.S. at 678; see also, Mims v. City of Phila., No. 09–4288, 2010 WL 2077140, at *9 (E.D.Pa. May 19, 2010) (dismissing complaint that alleged only that defendant municipality "permitted, encouraged, tolerated, ratified, and was deliberately indifferent to a pattern, practice, and custom of discrimination, harassment, and retaliation"); Kost v. Dept. of Pub. Welfare, No. 07-2404, 2009 WL 466166, at *4 (E.D.Pa. Feb. 24, 2009) (holding, pre-Iqbal, that allegations that defendants engaged in a regular custom or pattern and practice, course of conduct to deprive men and particularly white men of their positions, were insufficient to state § 1983 conspiracy claim). While the proposed

amended complaint identifies A.D.A. Sweeney as the subordinate that Defendant Heckler apparently failed to train and supervise, the proposed amendment still fails to assert sufficient factual matter to state a plausible claim to relief, i.e., "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted). Because even the proposed amendment contains only labels and conclusions, we grant the Motion to Dismiss insofar as it pertains to Count II and deny Plaintiff's Motion to Amend that claim on grounds of futility.

    C.    Pendent Claims

"[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) (citations omitted). We are unable to identify any extraordinary circumstances which would warrant the exercise of supplemental jurisdiction over the pendent state law claims. Accordingly, we decline to exercise supplemental jurisdiction over Plaintiff's claims in Count III for intentional infliction of emotional distress, conversion, invasion of privacy, and violation of her Pennsylvania due process rights. We therefore dismiss Count III without prejudice to Plaintiff's right to refile the claims in state court.

    D.    The Proposed Amended Complaint

As discussed above, the proposed amended complaint seeks to add allegations against Defendant Heckler concerning the failure to train claim. It also attempts to add as defendants A.D.A. Sweeney and the Bucks County District Attorney's Office.

The only mention of A.D.A. Sweeney in the proposed amended complaint is that he "is the Chief of Staff/Chief of Drugs, Gangs, Forfeitures Division of the Bucks County District Attorney's

Office." (Proposed Am. Compl. ¶ 3.) There are no factual allegations that would support the claim that Sweeney acted to violate Plaintiff's federal rights. Accordingly, the claim against him fails to satisfy the Twombly standard and the proposed amendment would be futile. Similarly, the only allegations against the Bucks County District Attorney's Office is that the Office is managed by Defendant Heckler and employs Sweeney. Not only does this allegation suggest no factual basis for a § 1983 claim against the District Attorney's Office, in addition the Office is simply not a proper defendant in a § 1983 action. See Reitz v. County of Bucks, 125 F.3d 139, 148 (3rd Cir. 1997) (holding that a district attorney's office is not a legal entity for purposes of § 1983 liability). We therefore deny Plaintiff's Motion to Amend in its entirety.

## IV.   CONCLUSION

For the foregoing reasons, we conclude that Counts I and II fail to state claims upon which relief may be granted and that Plaintiff's proposed amended complaint is futile. We therefore dismiss Counts I and II with prejudice and deny Plaintiff's Motion to Amend the Complaint. In addition, we dismiss the pendant state law claims in Count III without prejudice to Plaintiff's right to reassert those claims in state court.[2]

An appropriate order follows.

---

[2] Because we dismiss the Complaint on these grounds, we do not reach Defendant's arguments that the action is time-barred and that he is entitled to qualified immunity.